**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL CHAVEZ LOZANO,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　　　Respondent. | No.　15-73061<br><br>Agency No. A041-106-704<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]

Before:　LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Raul Chavez Lozano, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying cancellation of removal and ordering

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

questions of law. *Mohammed v. Gonzales,* 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err or violate due process in pretermitting Chavez Lozano's application for cancellation of removal, where his conviction for possession with intent to sell methamphetamine under California Health and Safety Code § 11378 rendered him statutorily ineligible for such relief. *See* 8 U.S.C. § 1229b(a)(3); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim). Thus, the agency was not required to address Chavez Lozano's contentions regarding the other eligibility requirements.

We lack jurisdiction to consider Chavez Lozano's unexhausted contentions that the government failed to meet its burden of proving that he is removable as charged, or that his conviction under California Health and Safety Code § 11378 is not an aggravated felony. *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented to the agency in the alien's proceedings).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**